IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02952-MSK-BNB

RAFAEL W. GARCIA,

Applicant,

v.

UNITED STATES PAROLE COMMISSION EXAMINER FOR FLORENCE, and
UNITED STATES PAROLE COMMISSION,

Respondents.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the amended **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #6] (the "amended Application") filed on January 14, 2011. The respondents filed an Answer to Amended Application for Writ of Habeas Corpus [Doc. #24] (the "Answer").  I respectfully RECOMMEND that the amended Application be DENIED.

## I.  BACKGROUND

The petitioner is serving a sentence of six to eighteen years in prison pursuant to a 1999 conviction for armed robbery in the Superior Court of the District of Columbia.  *Answer*, Ex. A. The petitioner was transferred to the custody of the United States Bureau of Prisons to serve his sentence and currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  The petitioner is projected to be released on January 25, 2017.  His claims in this action challenge the August 12, 2010 Notice of Action issued by the United States Parole Commission (the "Parole Commission") denying him release on parole.

The petitioner initially appeared before a Parole Commission hearing examiner at a

parole hearing on June 30, 2004.  *Answer*, Ex. C.  Following that hearing, the hearing examiner recommended that parole be denied and reconsidered in three years based on the petitioner's history of violence and assault offenses.  Id. at 5.[1]  On July 29, 2004, the Parole Commission issued a Notice of Action denying the petitioner parole and continuing the matter to a reconsideration hearing in June 2007.  *Answer*, Ex. D.  The Parole Commission determined that the petitioner's total guideline range at that time, which is the amount of time the petitioner should expect to serve prior to being released on parole, was 96 to 124 months.  Id. at 2.  The petitioner's total guideline range included consideration of eight incidents of institutional misconduct committed while the petitioner was in custody, as well as a reduction for superior program achievement.  Id. at 4.

The petitioner next appeared before a Parole Commission hearing examiner on September 11, 2007.  *Answer*, Ex. E.  The hearing examiner at the 2007 parole hearing listed eight new instances of institutional misconduct committed by the petitioner since the 2004 hearing, including one in which the petitioner admitted stabbing another inmate with a homemade knife.  Id. at 3-4.  The hearing examiner determined that the new misconduct required the addition of 120+ months to the total guideline range established at the petitioner's initial parole hearing.  Id. at 5.  As a result, the hearing examiner concluded the petitioner's new total guideline range was 216+ months, and the hearing examiner recommended that parole be denied and reconsidered again in three years.  Id.  On October 2, 2007, the Parole Commission issued a Notice of Action denying parole and continuing the matter to a reconsideration hearing in

---

[1]I cite to the page numbers of documents filed in this action as they are assigned by the court's docketing system.

September 2010.  *Answer*, Ex. F.

The petitioner again appeared before a Parole Commission hearing examiner at a parole hearing on July 21, 2010.  *Answer*, Ex. G.  The hearing examiner at the 2010 parole hearing listed one additional incident of institutional misconduct committed by the petitioner since the 2007 parole hearing, an assault on a correctional officer that resulted in the petitioner receiving both a disciplinary conviction and a new, consecutive thirty-month sentence.  Id. at 3.  The hearing examiner determined that the new assault required an addition of 52-64 months to the petitioner's previous total guideline range, for a new total guideline range of 268+ months.  Id. at 4.  The hearing examiner recommended that parole be denied and reconsidered again in three years based on the petitioner's admission that he had not rehabilitated himself and still was working on anger management issues.  Id.  On August 12, 2010, the Parole Commission issued a Notice of Action denying parole and continuing the matter for a three-year reconsideration hearing in July 2013.  *Answer*, Ex. H.

The petitioner asserts three claims for relief in the amended Application challenging the Parole Commission's most recent parole denial as set forth in the August 12, 2010 Notice of Action.  The petitioner specifically claims that the Parole Commission exceeded the parole guidelines (claim one); retaliated against him because of the incident report he received for assaulting a correctional officer (claim two); and erred in denying him any points for superior program achievement (claim three).  As relief the petitioner requests a new parole hearing and his immediate release upon proper application of the parole guidelines.

## II.  STANDARD OF REVIEW

The petitioner is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).  I cannot act as advocate for a *pro se* litigant,

however, who must allege "sufficient facts on which a recognized legal claim could be based."

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In addition, judicial review of Parole Commission decisions is narrow.  See Peltier v.

Booker, 348 F.3d 888, 892 (10th Cir. 2003).  The appropriate standard of review "is whether the

decision is arbitrary and capricious action or is an abuse of discretion."  Dye v. United States

Parole Comm'n, 558 F.2d 1376, 1378 (10th Cir. 1977) (per curiam).  "The inquiry is not whether

the Commission's decision is supported by the preponderance of the evidence, or even by

substantial evidence; the inquiry is only whether there is a rational basis in the record for the

Commission's conclusions embodied in its statement of reasons."  Gometz v. United States

Parole Comm'n, 294 F.3d 1256, 1260 (10th Cir. 2002) (internal quotation marks omitted).  I "do

not reweigh evidence, make credibility determinations, or substitute [my] judgment for the

Commission's."  Id.

## III.  ANALYSIS

The petitioner's first claim, in which he maintains that the Parole Commission exceeded

the parole guidelines, includes three separate arguments.  The petitioner specifically contends

that the Parole Commission (1) erred in failing to apply the former District of Columbia Board of

Parole guidelines when it imposed a three-year setback; (2) erroneously increased his calculation

under the guidelines from 216+ months to 268+ months; and (3) erred in failing to order his

release after he completed the minimum term, or six years, of his sentence.

The petitioner's argument that the Parole Commission erred in failing to apply the former

District of Columbia Board of Parole guidelines when it imposed a three-year setback lacks

merit.  On August 5, 1998, the Parole Commission assumed jurisdiction over District of

Columbia Code offenders pursuant to the National Capital Revitalization and Self-Government

Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code §

24-131(a).  See Franklin v. Dist. of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998); 28 C.F.R. §

2.70(a) (providing that "[t]he U.S. Parole Commission shall exercise authority over District of

Columbia Code offenders" and "[t]he rules in this subpart shall govern the operation of the U.S.

Parole Commission with respect to D.C. Code Offenders and shall constitute the parole rules of

the District of Columbia"); 28 C.F.R. § 2.70(b) (providing that the Parole Commission "shall

have sole authority to grant parole . . . for all District of Columbia Code prisoners who are

serving sentences for felony offenses").  The specific parole guidelines for District of Columbia

Code offenders are found at 28 C.F.R. § 2.80.

It is true that certain District of Columbia Code offenders "may receive a parole

determination using the 1987 guidelines of the former District of Columbia Board of Parole."  28

C.F.R. § 2.80(o)(1).  However, one of the eligibility requirements for a parole determination

under the 1987 District of Columbia Board of Parole guidelines is that the prisoner be committed

for an offense committed "after March 3, 1985 and before August 5, 1998."  28 C.F.R. §

2.80(o)(2)(i).  Respondents assert that the petitioner is committed for an offense that occurred on

January 26, 1999, and the petitioner does not dispute this date.  As a result, it is clear that the

petitioner is not eligible for a parole determination under the 1987 District of Columbia Board of

Parole guidelines.

The petitioner next contends that the Parole Commission erroneously increased his

calculation under the guidelines from 216+ months to 268+ months.  According to the petitioner,

his total guideline range cannot exceed 216 months because his maximum sentence of eighteen

years, when converted into months, is only 216 months.  This contention also lacks merit.

The Parole Commission establishes the total guideline range for District of Columbia

Code offenders at an initial parole hearing.  See 28 C.F.R. § 2.80(l).  The total guideline range

indicates the range of time a prisoner ordinarily can expect to serve prior to release.  See Wilson

v. Fullwood, 772 F. Supp.2d 246, 255 (D.D.C. 2011).  One component of the total guideline

range includes consideration of prison misconduct.  See 28 C.F.R. § 2.80(j).  At subsequent

parole hearings, any additional institutional misconduct committed since the last hearing results

in additional time being added to the total guideline range.  See 28 C.F.R. § 2.80(m).  The

appropriate guideline range for disciplinary infractions is determined by reference to the

rescission guidelines in 28 C.F.R. § 2.36.  See 28 C.F.R. § 2.80(j).

The petitioner does not challenge the Parole Commission's determination that his total

guideline range at his 2007 parole hearing was 216+ months.  As noted above, the petitioner's

total guideline range was increased at his 2010 parole hearing by 52-64 months, for a new total

of 268+ months, based on new institutional misconduct that involved assaulting a correctional

officer.  The petitioner conceded at his 2010 parole hearing that he had assaulted a correctional

officer in May 2008 and that the correctional officer was treated for injuries to his head, eyes,

and right arm.  *Answer*, Ex. G at 3.  As a result of this incident, the petitioner was convicted of a

Category Six disciplinary offense.  Id.  Thus, the petitioner's total guideline range properly was

increased by 52-64 months.  See 28 C.F.R. § 2.36(a)(2)(ii) (providing that the guideline range for

a Category Six offense is 52-64 months).  The fact that the total guideline range of 268+ months

exceeds the petitioner's maximum sentence of 216 months does not affect his statutory release

6

date of January 15, 2017.  See 28 C.F.R. § 2.87.  Therefore, the petitioner is not entitled to any

relief based on the fact that his total guideline range for parole purposes exceeds his maximum

sentence.

Finally, the petitioner provides no authority for the third contention in support of his first

claim--that the Parole Commission erred in failing to order his release after he completed the

minimum term, or six years, of his sentence.  Although jurisdiction over District of Columbia

Code offenders has been transferred to the Parole Commission, the Parole Commission is

required to follow District of Columbia parole law.  See D.C. Code § 24-131(a)(1).  The District

of Columbia parole statute provides in relevant part as follows:

> Whenever it shall appear to the United States Parole Commission
> ("Commission") that there is a reasonable probability that a
> prisoner will live and remain at liberty without violating the law,
> that his or her release is not incompatible with the welfare of
> society, and that he or she has served the minimum sentence
> imposed or the prescribed portion of his or her sentence, . . . the
> Commission *may* authorize his or her release on parole upon such
> terms and conditions as the Commission shall from time to time
> prescribe.

D.C. Code § 24-404(a) (emphasis added).  As this statute makes clear, a decision to release an

inmate on parole is discretionary.  See Thompson v. Veach, 501 F.3d 832, 836-37 (7th Cir. 2007)

(noting that the District of Columbia's parole statute does not create a constitutionally protected

liberty interest in parole because the statute lacks mandatory language creating an expectancy of

release).  Therefore, the fact that the petitioner was eligible for parole after serving the minimum

term of six years does not mean that he was entitled to be released at that time.

The petitioner contends in his second claim that the Parole Commission retaliated against

him because of the incident report he received for assaulting a correctional officer.  The

petitioner alleges in support of this claim that the hearing examiner at his 2010 parole hearing stated "I can only give you 3 years setback but if I could I would give you more." *Am. Application*, p.3. According to the petitioner, "this statement was a result from the Incident Report [he] received 5-19-08 for ass[a]ult on a staff member." Id.

The petitioner's second claim lacks merit because the petitioner's conclusory assertion that the Parole Commission retaliated against him does not demonstrate that the Parole Commission's decision following the 2010 parole hearing was arbitrary, capricious, or an abuse of discretion. As discussed above, the fact that the petitioner was convicted of assaulting a correctional officer in 2008 was a proper matter for consideration by the Parole Commission at his 2010 parole hearing, and the Parole Commission properly added additional time to the petitioner's total guideline range as a result of that incident. Furthermore, the Parole Commission is authorized to "[s]chedule a reconsideration hearing at three years from the month of the hearing" following an initial or subsequent hearing. 28 C.F.R. § 2.75(a)(1)(iv). Therefore, in light of the facts that the petitioner's total guideline range at the 2010 hearing was 268+ months, *Answer*, Ex. G; that the petitioner had served only 138 months in custody as of July 2010, id.; and that the petitioner conceded at the 2010 parole hearing that he had not rehabilitated himself and still was working on anger management issues, id., the Court cannot conclude that deferring the petitioner's next parole hearing for three years was arbitrary, capricious, or an abuse of discretion, even assuming the hearing examiner made the statement alleged by the petitioner.

The Petitioner finally claims that the Parole Commission erred in denying him any points for superior program achievement despite the fact that he had completed various programs.

According to the Petitioner, he "got the maximum 3[-] year hit instead of the time off [he] should have been awarded for programs." *Am. Application*, p.4.  The petitioner specifically attaches to the amended Application certificates for two programs he completed called Commitment to Change and Cage Your Rage/Anger Management.  Id. at 6-7.

The applicable guidelines direct the Parole Commission to consider whether a prisoner has demonstrated ordinary or superior achievement in the area of prison programs.  See 28 C.F.R. § 2.80(e)(1).  "The guidelines . . . presume that the prisoner will have ordinary program achievement" and "[s]uperior program achievement means program achievement that is beyond the level that the prisoner might ordinarily be expected to accomplish."  Id.  The guidelines also provide that "[c]redit for program achievement may be granted regardless of whether the guidelines for disciplinary infractions have been applied for misconduct during the same period."  Id.  As these guidelines make clear, the decision as to whether a prisoner has demonstrated superior program achievement is discretionary.  See Crutchfield v. United States Parole Comm'n, 438 F. Supp.2d 472, 478 (S.D.N.Y. 2006).

Although the record demonstrates that the Parole Commission took note of the petitioner's program participation, including the two programs specifically identified by the petitioner in the amended Application, the Parole Commission determined that the petitioner was not entitled to an award for superior program achievement since his last hearing.  *Answer*, Ex. G. at 3-4.  The petitioner presents no argument or authority that demonstrates completion of the two programs he identifies rises to the level of superior program achievement or that the Parole Commission's decision was arbitrary, capricious, or an abuse of discretion.  Therefore, the petitioner also is not entitled to relief with respect to his third claim.

**IV. CONCLUSION**

I respectfully RECOMMEND that the amended Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources, Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 8, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge